FILED'09 APR 06 11:17USDC-ORM

Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **Bruce Dunn,** | Case No.: 09 - 3035 - PA |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692) |
| **Derrick E. McGavic, P.C.,** | DEMAND FOR JURY TRIAL |
| Defendant | |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

    (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA")

## II. JURISDICTION

2.  The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the Oregon State claim pursuant to 28 USC § 1367(a).



Complaint - 1

### III. PARTIES

3.  Plaintiff, Bruce Dunn ("Plaintiff"), is a natural person residing in Josephine County, Oregon.

4.  Defendant, Derrick E. McGavic, P.C. ("Defendant"), is a Professional Corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV. FACTUAL ALLEGATIONS

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.  All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.  On January 15, 2009, Defendant sent Plaintiff an initial dunning letter ("the Initial Letter") in an attempt to collect a debt allegedly owed to Capital One Bank. *See* Exhibit A. To comply with the FDCPA, such letter must effectively convey and not conflict with or overshadow all of the disclosures required by 15 USC § 1692g(a) and avoid misleading or confusing language as prohibited by 15 USC § 1692e. When considering the effect of language on the reader, one must consider not what the actual reader's understanding was, or a reasonable reader's understanding would be, but rather what the "least sophisticated debtor's" understanding *would be*. Viewed from the perspective of the least sophisticated debtor, Defendant's Initial Letter violated the FDCPA in the following ways:

a)  Defendant failed to effectively convey in the Initial Letter the disclosures required to be conveyed in or within 5 days of the initial communication to Plaintiff. 15 USC § 1692g(a).

Plaintiff's Initial Letter did contain each of the required disclosures listed in 15 USC § 1692g(a)(1)-(5). However, the Initial Letter also contained other language pertaining to a potential lawsuit, and such language was placed in such close proximity to the 1692g notice language that the notice language was overshadowed by the discussion of a potential lawsuit.

The particular disclosure overshadowed by the references to a lawsuit is the disclosure that Plaintiff had 30 days in which to dispute the debt. 15 USC § 1692g(a)(4). The Initial Letter contains this disclosure on the 2nd page in a section set in bold type entitled "Important Notices to Consumers required by 15 USC § 1692g..." To the least sophisticated of consumers, however, this language is eviscerated and undermined by language stressing the possibility of immediate suit. For instance, the very last paragraph of the main body of the letter, which appears ahead of the disclosures, is as follows: "If our client instructs us to file suit immediately, we may do so even if the thirty (30) day dispute and validation periods described below have not expired. Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below." Assuming Plaintiff read the letter from top to bottom as a normal

person would, he would have read this statement before having read the required disclosures referred to in the statement, and therefore would have no frame of reference to enable him to comprehend the fact that he had the right to stop the lawsuit in its tracks by sending a verification letter within 30 days.  Furthermore, to an unsophisticated consumer, this sentence is a confusing jumble of references that effectively conveys only the fact that the consumer could be sued immediately regardless of any other rights they

Although Plaintiff contends that the language cited in the paragraph above would alone be enough to overshadow and confuse the required disclosures pertaining to his verification rights, this is not the only source of confusion.  In fact, the possibility of an immediate lawsuit is mentioned again in the context of the required disclosures themselves.  In the bold-type section on the 2nd page, Defendant began by setting out the language typically seen in similar initial dunning letters.  Had Defendant stopped there, it may have escaped the possibility of confusing the least sophisticated debtor.  However, after making the disclosure, Defendant added the following additional language, seemingly designed to distract from and dilute the earlier portion of the message: "...The law does not require us to wait until the end of the thirty-day period before proceeding with suit...[¶] Even if a lawsuit is filed against you without waiting for the thirty days described above, you retain your rights under this notice.  If, however, you request verification of the debt within the thirty day period

that begins with your receipt of our first written communication to you, the law requires us to suspend all efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you."

Ignoring the actual or alleged meaning of the phrase, its confusing nature cannot help but detract from the conveyance of the simple and effective language that preceded it. If Plaintiff's rights truly are not affected by the filing of a lawsuit within the 30 day period, the question must be asked why it is necessary to delve into the ramifications of a lawsuit in the context of an initial letter. Perhaps one explanation is that Defendant knew that it was likely to file a lawsuit and felt it therefore necessary to delve into the ramifications of such a lawsuit. This is not the case, however, since Defendant states explicitly earlier in the letter that no attorney has reviewed Plaintiff's file.

Turning to the specific language used to "spin" the more straightforward traditional disclosures, it is clear that the language starting with "If, however…" adds hopeless confusion to the disclosure. Prior to that sentence, Defendant had already stated that it could sue within the thirty-day period, followed by a sentence stating that Plaintiff's rights nevertheless would be retained despite a lawsuit. By starting the next sentence with "If, however…," Defendant is conveying to the least sophisticated consumer that under certain circumstances they may not "retain" their rights. The sentence by itself does not offend if taken

logically by its terms, but starting the sentence with "if, however…" in this context makes it extremely confusing to the least sophisticated consumer.

Taken together and appreciated in the context of the least sophisticated consumer standard, Defendant did not adequately convey to Plaintiff his rights pursuant to 15 USC § 1692g

b)  Defendant falsely implied that the Initial Letter was a communication from an attorney, while simultaneously stating in the Initial Letter that a Defendant had not reviewed Plaintiff's account before sending the letter. 15 USC § 1692e(3).

The Initial Letter was sent using the letterhead of Derrick E. McGavic, an attorney. This implies that the letter was written or at least reviewed by an attorney prior to being sent. The letter is not signed by Mr. McGavic, but in the bottom-left corner of the last page of the letter appears the following: DEM/vcg. This traditional short-hand comment conveys that the letter was not prepared by Derrick McGavic but by his assistant. However, it also traditionally conveys that the primary author has authorized the letter to be sent and understood the implications of sending the letter. In other words, the Initial Letter does not state that Derrick E. McGavic, P.C. as a corporate entity authorized the letter, but rather that Derrick McGavic himself authorized the letter.

Obviously, the fact that a letter is alleged to be from an attorney is not by itself a violation of law. Having said, the letter plainly states that no

attorney had reviewed Plaintiff's file, *see* Exhibit A, meaning the letter could not be from an attorney. This letter is thus misleading and confusing and violates the FDCPA.

9. To the extent Defendant's actions, detailed in paragraph 8, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the FDCPA
- B. Actual damages pursuant to 15 USC 1692k
- C. Statutory damages pursuant to 15 U.S.C. § 1692k
- D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k.
- E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 30th day of March, 2009,

By: _____
Joshua Trigsted
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff

# EXHIBIT A

# DERRICK E. Mc GAVIC, P.C.
Attorneys at Law

| | | |
|---|---|---|
| Document Transmission | PO Box 10228 | (541) 485-4555 |
| Telefax (541) 342-5309 | Eugene, Oregon 97440 | (800) 336-4555 |

January 15, 2009

Bruce E Dunn
400 SW Judson St
Grants Pass   OR   97426

RE:    Capital One Bank (USA), N.A.
Creditor No.:        4862362575756658
Amount of Claim:    $ 3,308.24
**Our File No. 09-00395-0 MUST be on all payments and other communications!**

    Capital One Bank (USA), N.A. requested this office to collect the above claim against you. While the unpaid principal balance of the claim is currently listed as $ 3,170.49, the amount of the claim is $3,308.24, including interest accrued to date and, if applicable, other charges as of today. The amount claimed varies day-to-day because of payments not yet received, payments which have not cleared banking channels, payments received but not yet processed, interest, and/or other charges provided for by law or by the agreement with the original credit grantor. Payments not yet received, payments which have not cleared banking channels, payments received but not yet processed will be all credited as of the date received. All such additional charges, if any, are provided for by law or by the agreement with the original credit grantor. Additional charges may include items such as collection costs, court costs expended, and/or attorney fees awarded by a court. A "payoff amount" may be different on any given date.

    You may call this office at (541) 485-4555 (or at 800 336-4555, if outside the Eugene/Springfield free telephone calling area) during normal business hours for a payoff amount as of a specific date or to offer payment arrangements.

    As of this date, no attorney with Derrick E. Mc Gavic, P.C. has personally reviewed the particular circumstances of your account. However, if you do not communicate with this office, the firm's client, Capital One Bank (USA), N.A., may consider judicial remedies to recover the claim from you.

    Please contact Vince C. Garcia, Ext 308 if you would like to discuss anything about the claim or payment. Please telephone or write to us, as this office prefers a helpful and amicable resolution of this claim. Any payments should be made to this office to assure proper credit on this claim.

**SEE NEXT PAGE FOR IMPORTANT NOTICES TO YOU
CONCERNING SOME OF YOUR VALUABLE RIGHTS**

DEM/VCG/D01/09-00395-0 (Rev. 06/23/08)

Bruce E Dunn
Capital One Bank (USA), N.A. and Bruce E Dunn
January 15, 2009
Page 2

If our client instructs us to file suit immediately, we may do so even if the thirty (30) day dispute and validation periods described below have not expired. Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below.

Very truly yours,


Derrick E. Mc Gavic, P.C.

**IMPORTANT WRITTEN NOTICE(S) TO CONSUMER(S)
REQUIRED BY 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(11)**

**UNLESS THE CONSUMER**, within thirty days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this "debt collector". If you notify us in writing within that thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you by us. If you request in writing within the same thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. The law does not require us to wait until the end of the thirty day period before proceeding with suit.

Even if a law suit is filed against you without waiting for the thirty days described above, you retain your rights under this notice. If, however, you request verification of the debt within the thirty day period that begins with your receipt of our first written communication to you, the law requires us to suspend all efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

**THIS COMMUNICATION IS FROM A "DEBT COLLECTOR", AS DEFINED IN 15 U.S.C. § 1692a(6). WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

DEM/vcg