David A. Jacobs, OSB No. 942202
djacobs@luvaascobb.com
LUVAAS COBB
777 High Street, Suite 300
Eugene, Oregon 97401
Telephone: (541) 484-9292
Telefax: (541) 343-1206

    Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRUCE DUNN,<br>               Plaintiff,<br>vs.<br>DERRICK E. McGAVIC, P.C.,<br>               Defendant. | Case No. 09-3035-PA<br><br>**DEFENDANT'S BRIEF** |

**1.   Introduction.**

      The court has recognized, and the parties have stipulated on the record, that whether defendant's "dunning" letter violated the FDCPA presents a purely legal question to be decided as a matter of law by the court. As demonstrated below, defendant's letter does not violate the FDCPA. Instead it is carefully tailored to comply with the lessons provided from other courts which have dealt with these issues. Defendant's letter includes the required notices, a proper disclaimer, and a full explanation of how the defendant's right to pursue collection fits together with the plaintiff's right to validate the debt. Defendant is, therefore, entitled to judgment as a matter of law.

/ / /

LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

2.   **The alleged violations.**

Plaintiff's complaint alleges two specific violations of the FDCPA. First, that certain language in defendant's letter "overshadowed" the disclosure required by 15 USC §1692g(a)(4), (i.e. that plaintiff had 30 days in which to dispute the debt). (Complaint ¶8(a), p 3). And second, that, in violation of 15 USC §1692e(3), defendant falsely implied that its letter was a communication from an attorney, even though it expressly stated that an attorney had not yet reviewed the particulars of plaintiff's account before sending the letter. (Complaint ¶8(b), p 6). Neither alleged violation can be established.

3.   **Plaintiff's right to dispute the debt was not overshadowed by defendant.**

The obvious and sole focus of the court's inquiry is within the four corners of defendant's letter to plaintiff dated January 15, 2009. (Ex. A to Complaint, copy attached hereto.) The subject disclosure is described by 15 USC §1692g(a)(4) as:

> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]

Subsection (b) of the statute explains what effect a debtor's dispute will have on the debt collector's ability to continue its collection activities. That is, that the debt collector must cease such activities until the verification is provided. But the statute does not require a debt collector to tell this to the debtor. In fact, it makes clear that, absent a dispute, collection activities may continue during the 30-day period, but that such activities or communications from the debt collector "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." 15 USC §1692g(b).

Here, it is conceded that defendant's letter disclosed that plaintiff had the right to dispute the debt. (Complaint ¶ 8(a), p 3.) The first page of the letter includes required information about the creditor and the debt; that the creditor may consider legal action if the plaintiff does not communicate with defendant's office; explains the importance of

DEFENDANT'S BRIEF -2



communication; and invites the plaintiff to call or write in the hope of reaching an "amicable resolution of this claim." The first page concludes with the following in bold capital letters:

**SEE NEXT PAGE FOR IMPORTANT NOTICES TO YOU CONCERNING SOME OF YOUR VALUABLE RIGHTS**

On the second page, the final paragraph above the signature block of the defendant law firm, states, consistent with 15 USC §1692g(b):

> If our client instructs us to file suit immediately, we may do so even if the thirty (30) dispute and validation periods described below have not expired. Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below.

Then, in the middle of the second page, immediately under the signature block, in bold typeface the following is set forth:

**IMPORTANT WRITTEN NOTICE(S) TO CONSUMER(S) REQUIRED BY 15 U.S.C. § 1692g AND 15 U.S.C. § 1692e(11)**

**UNLESS THE CONSUMER, within thirty days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this "debt collector". If you notify us in writing within that thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you by us. If you request in writing within the same thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. The law does not require us to wait until the end of the thirty day period before proceeding with suit.**

**Even if a law suit is filed against you without waiting for the thirty days described above, you retain your rights under this notice. If, however, you request verification of the debt within the thirty day period that begins with your receipt of our first written communication to you, the law requires us to suspend all efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.**

**THIS COMMUNICATION IS FROM A "DEBT COLLECTOR", AS DEFINED IN 15 U.S.C. § 1692a(6). WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

To put defendant's letter and plaintiff's allegations in context, it is useful to review the relevant case law. In the Ninth Circuit, the law simply requires that the validation notice "must be effectively conveyed to the debtor." *Swanson v. Southern Oregon Credit Serv.,*

DEFENDANT'S BRIEF -3

LUVAAS COBB ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

*Inc.*, 869 F2d 1222, 1225 (9th Cir, 1988). *Swanson* explains that "to be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." *Id.* Typically, overshadowing occurs when a letter also contains language which demands immediate payment, and thereby obscures the notice that the debtor has 30 days to dispute the debt. *See Terran v. Kaplan*, 109 F 3d 1428, 1433 (9th Cir, 1997)(discussing focus on payment demands in overshadowing cases); *see also Voris v. Resurgent Capital Services, L.P.*, 494 Fsupp2d 1156, 1169-71 (SD Cal, 2007)(explaining overshadowing and reviewing cases). In the Ninth Circuit, however, a court will not find a violation where only a *request* for prompt payment is made within the 30 day period. *See Terran,* 109 F3d at 1434; *Renick v. Dun & Bradstreet Receivable Management Services*, 290 F3d 1055 (9th Cir, 2002)(per curiam); *see also Palmer v. Far West Collection Services, Inc.*, 348 Fsupp2d 1070, 1083-86 (ND Cal, 2004).

In *Terran*, the court considered a letter which preceded the validation notice language with:

> Unless an immediate telephone call is made to J SCOTT, a collection assistant of our office at (602)258-8433, we may find it necessary to recommend to our client that they proceed with legal action.

The court rejected the claim that this language overshadowed the debtor's validation rights. The court noted that "a demand for payment within less than the thirty-day time frame necessarily requires the debtor to forego the statutory right to challenge the debt in writing within thirty days, or suffer the consequences", but found that:

> The request that the debtor telephone the collection agency does not contradict the admonition that the debtor has thirty days to contest the validity of the debt. This language simply encourages the debtor to communicate with the debt collection agency. It does not threaten or encourage the least sophisticated debtor to waive his statutory right to challenge the validity of the debt.

In *Renick*, 20 days after sending its validation notice, the debt collector sent another letter which asked the debtor to "[u]se the tear-off portion of this letter . . . to send your payment today." The reverse side included a validation notice but also stated that "PROMPT

DEFENDANT'S BRIEF -4

LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

Case 1:09-cv-03035-PA    Document 8    Filed 06/22/09    Page 5 of 13    Page ID#: 29

PAYMENT IS REQUESTED." The court rejected the debtor's claims of overshadowing, and found as follows:

> The instruction that Renick "[u]se the tear-off portion of this letter . . . to send your payment today" was in the same font as the surrounding text; was not emphasized in any other way; was in the nature of a request rather than a demand; and carried no sense of urgency. The request therefore "d[id] not overshadow the language in the notice that the alleged debtor has thirty days in which to dispute the debt." [Quoting *Terran*.] Similarly, the statement on the reverse that "PROMPT PAYMENT IS REQUESTED" was in the same font as the accompanying validation notice; was followed by a statement informing Renick that he had 30 days to challenge the debt's validity; and did not convey a threat to induce Renick to "ignore his right to take 30 days to verify his debt and act immediately." [Quoting *Swanson, supra*.] The request for prompt payment therefore "d[id] not contradict the admonition that the debtor has thirty days to contest the validity of the debt" and "d[id] not threaten or encourage the least sophisticated debtor to waive his statutory right to challenge the validity of the debt." [Quoting *Terran*.]

In *Palmer*, the district court considered a letter which stated in part: "it is imperative that you remit payment in full to Farwest Collection Services, Inc. Failure to do so may necessitate our using other remedies to collect your dishonored check." The court found that this was in fact a threat of litigation if payment was not made, and agreed with the plaintiff that the language "certainly contains a sense of urgency" which was lacking in *Renick*, but nonetheless held that it did not overshadow the validation notice in violation of the FDCPA. The court explained:

> [T]he court does not find the language of the letter here to be a demand for payment before the end of the validation period, even viewing the vague allusion to the next step as a threat of litigation. The letter does not set forth a timeframe for resorting to "other remedies," nor does it otherwise imply that immediate action is necessary. Contrary to Palmer's arguments, the language "it is imperative that you remit payment in full," while conveying a sense of importance, does not threaten legal action absent immediate payment.

The key to these cases which found no overshadowing is that none of the letters would have made a least sophisticated debtor believe that he or she had to pay the claimed debt before the 30 day validation period had expired. Absent that message, there is no violation of the FDCPA.

DEFENDANT'S BRIEF -5



In the case before this court, defendant's letter does not demand, or even request, prompt payment. It simply explains what the law allows; that it was *possible* that a lawsuit could be filed before the 30-day period had expired. Moreover, it goes on to explain – both in the concluding paragraph above the signature block, and within the bold-faced notice below – that if a lawsuit were filed within 30 days, plaintiff would still retain his right to dispute the debt. But, defendant's letter even goes a step further, and explains what would happen if a lawsuit were filed within the 30-day period, and then plaintiff were to make a timely written dispute: i.e. "the law requires us to suspend all efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you."

As in *Terran* and *Renick*, there is no visual emphasis of the language explaining the possibility of legal action; there is no demand for immediate payment coupled with the threat of legal action; there is no deadline to act in any manner in order to avoid legal action; there is no language which conveys a threat to induce the plaintiff to act immediately and forego his right to take 30 days to dispute the debt. The language complained of by plaintiff does not in anyway "contradict the admonition that the debtor has thirty days to contest the validity of the debt;" nor does "it threaten or encourage the least sophisticated debtor to waive his statutory right to challenge the validity of the debt." *Terran, supra.*

The fact is, defendant's letter is professional, polite and informative. Even the least sophisticated debtor could not glean from that letter a threat that a lawsuit would be filed if he did not pay before his right to dispute the debt had expired. Indeed, the letter does not ask or demand that plaintiff do *anything* before or after the expiration of 30 days.

Ironically, the very language which plaintiff bases his claim is nearly identical to the so called "safe harbor" language offered by the Seventh Circuit in *Bartlett v. Heibl*, 128 F3d 497 (1997). In *Bartlett*, the debt collector sent a letter which stated that in order to avoid legal action, the debtor must, within one week, either make a specified partial payment, or make other suitable arrangements with the creditor. This statement was followed by the

DEFENDANT'S BRIEF -6

LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

disclosures required by 15 USC §1692g.  Then added "suit may be commenced at the time before the expiration of the this thirty (30) days."

The court noted that the right to demand payment within one week, and the debtor's right to demand verification within 30 days, are not inconsistent, "but by failing to explain <u>how they fit together</u> the letter confuses."  *Id.* at 500.  (emphasis added).  The court further stated: "The net effect of the juxtaposition of the one-week and thirty-day crucial periods is to turn the required disclosure into legal gibberish.  That's as bad as an outright contradiction."  *Id.* at 501.  The court concluded the letter violated the FDCPA; but it did not stop there.

The court considered the plaintiff's argument that a debt collector may not even mention its ability to bring suit before the expiration of the 30-day period; and, that while not precluded, if a debt collector is going to file suit within that period, it must do so without warning.  The court was not impressed:

> The plaintiff's argument is in one sense over-imaginative, and in another unimaginative–unimaginative in failing to see that is is possible to devise a form of words that will inform the debtor of the risk of being sued without detracting from the statement of his statutory rights.

The court then offered a version of such a letter that it deemed a "safe harbor for debt collectors who want to avoid liability for the kind of suit that Bartlett brought and won." *Id.* at 501-02.  The following is taken from that letter and tracks closely with the language at issue in the case before this court:

> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt.  If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

In sum, the foregoing cases demonstrate that a debt collector will violate the FDCPA by overshadowing a debtor's validation rights with a demand for payment coupled with the threat of litigation if not paid by a date certain before the expiration of the 30-day validation

DEFENDANT'S BRIEF -7



period, *unless* the debt collector explains how these competing rights fit together.  In the present case, defendant did not make any demand for payment, it only explained that it did not have to wait 30 days to file suit, and that legal action was a *possibility*.  In the Ninth Circuit that would not be considered overshadowing.  *See Terran* and *Renick, supra*; *see also Palmer, supra.*  But, nonetheless, as suggested in *Barlett, supra,* defendant also explained how it could be that it might bring suit within 30 days when plaintiff had 30 days to dispute the debt, and what would happen if plaintiff did dispute the debt (*i.e.* collection activities would cease).

4.  **Defendant did not misrepresent the nature of an attorney's involvement in the collection process.**

Plaintiff alleges that defendant violated the FDCPA because, in its January 15 letter, it implied that the letter was written and reviewed by an attorney, yet expressly stated that no attorney had reviewed plaintiff's account before sending the letter.  Defendant is aware of no legal precedent to support this claim; in fact, case law demonstrates that this claim has no merit.  *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F3d 360, 363-65 (2nd Cir, 2005), *Dupuy v. Weltman, Wienberg & Reis Co.,* 442 FSupp2d 822, 825 (ND Cal, 2006).

As explained in *Greco*: "[A] letter sent on law firm letterhead, *standing alone*, does represent a level of attorney involvement to the debtor receiving the letter.  And if the attorney or firm had not, in fact, engaged in the implied level of involvement, the letter is therefore, misleading within the meaning of the FDCPA."[1]  *Id.* at 364(emphasis in original).  The court, however, continues with an important *caveat* which applies to the present case:

> But it does not follow that attorneys may participate in this process only by providing actual legal services.  In fact, attorneys can participate in debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is not *misleading*.  Put another way, our prior

---

[1]Under the FDCPA, "[a] debt collector may not use false or misleading representations," including "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney."  *See* 15 USC § 1692e(3).

DEFENDANT'S BRIEF -8



> precedents demonstrate that an attorney can, in fact, send a debt collection letter without being meaningfully involved, so long as that letter includes *disclaimers* that should make clear even to the "least sophisticated consumer" that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney.

*Id.* (emphasis in original).

The court found no misrepresentation in *Greco* because the letter from the law firm, contained virtually the identical disclaimer as defendant's herein: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due." In holding that the defendant law firm had not made any false misrepresentations in connection with the collection of the debt in violation of the FDCPA, the court found that:

> In light of the disclaimer, we agree with the district court that the least sophisticated consumer, upon reading this letter, must be taken to understand that no attorney had yet evaluated his or her case, or made recommendations regarding the validity of the creditor's claims.

*Id.* at 365.

In the present case, there is no dispute that the letter was sent by attorneys. "Derrick E. McGavic, P.C." is expressly identified as "Attorneys at Law." The issue is, however, does the letter imply that an attorney was "meaningfully involved" with the collection process in some way beyond simply sending out the dunning letter? The answer follows from defendant's disclaimer:

> As of this date, no attorney with Derrick E. Mc Gavic, P.C. has personally reviewed the particular circumstances of your account. However, if you do not communicate with this office, the firm's client, Capital One Bank (USA) N.A., may consider judicial remedies to recover the claim from you.

In light of this express and clear disclaimer to the contrary, even the "least sophisticated consumer" could not be mislead to believe that an attorney was meaningfully involved and had evaluated the creditor's claim and formed a professional judgment as to its validity.

/ / /

DEFENDANT'S BRIEF -9



**5.     Conclusion.**

Based on the foregoing, it is readily apparent that defendant was aware of the case law addressing the types of claims which plaintiff has brought, and that its dunning letter was crafted to comply with the lessons from those decisions.  As such, it would appear that plaintiff is barking up the wrong tree.  Therefore, defendant respectfully requests that the court dismiss plaintiff's complaint and enter final judgment in its favor.

DATED this __22nd__ day of June, 2009.

>LUVAAS COBB
>Attorneys for Defendant
>
>By: /s/ David A. Jacobs
>David A. Jacobs, OSB No. 942202
>E-mail:  djacobs@luvaascobb.com
>Trial Attorney

DEFENDANT'S BRIEF -10

LUVAAS COBB ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
**Phone:** 541-484-9292
**Fax:** 541-343-1206

# EXHIBIT A

DERRICK E. McGAVIC
Attorneys at Law
PO Box 10228
Eugene, Oregon 97440

Document Transmission
Telefax (541) 342-5309

(541) 485-4555
(800) 336-4555

January 15, 2009

Bruce E Dunn
400 SW Judson St
Grants Pass  OR  97426

RE:  Capital One Bank (USA), N.A.
Creditor No.:     4862362575756658
Amount of Claim:  $ 3,308.24
Our File No. 09-00395-0 MUST be on all payments and other communications!

    Capital One Bank (USA), N.A. requested this office to collect the above claim against you. While the unpaid principal balance of the claim is currently listed as $ 3,170.49, the amount of the claim is $3,308.24, including interest accrued to date and, if applicable, other charges as of today. The amount claimed varies day-to-day because of payments not yet received, payments which have not cleared banking channels, payments received but not yet processed, interest, and/or other charges provided for by law or by the agreement with the original credit grantor. Payments not yet received, payments which have not cleared banking channels, payments received but not yet processed will be all credited as of the date received. All such additional charges, if any, are provided for by law or by the agreement with the original credit grantor. Additional charges may include items such as collection costs, court costs expended, and/or attorney fees awarded by a court. A "payoff amount" may be different on any given date.

    You may call this office at (541) 485-4555 (or at 800 336-4555, if outside the Eugene/Springfield free telephone calling area) during normal business hours for a payoff amount as of a specific date or to offer payment arrangements.

    As of this date, no attorney with Derrick E. Mc Gavic, P.C. has personally reviewed the particular circumstances of your account. However, if you do not communicate with this office, the firm's client, Capital One Bank (USA), N.A., may consider judicial remedies to recover the claim from you.

    Please contact Vince C. Garcia, Ext 308 if you would like to discuss anything about the claim or payment. Please telephone or write to us, as this office prefers a helpful and amicable resolution of this claim. Any payments should be made to this office to assure proper credit on this claim.

        **SEE NEXT PAGE FOR IMPORTANT NOTICES TO YOU**
        **CONCERNING SOME OF YOUR VALUABLE RIGHTS**

DEM/VCG/D01/09-00395-0 (Rev. 06/23/08)

Bruce E Dunn
Capital One Bank (USA), N.A. and Bruce E Dunn
January 15, 2009
Page 2

    If our client instructs us to file suit immediately, we may do so even if the thirty (30) day dispute and validation periods described below have not expired. Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below.

<div style="text-align:center">Very truly yours,</div>

<div style="text-align:center">Derrick E. Mc Gavic, P.C.</div>

### IMPORTANT WRITTEN NOTICE(S) TO CONSUMER(S) REQUIRED BY 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(11)

    UNLESS THE CONSUMER, within thirty days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this "debt collector". If you notify us in writing within that thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you by us. If you request in writing within the same thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. The law does not require us to wait until the end of the thirty day period before proceeding with suit.

    Even if a law suit is filed against you without waiting for the thirty days described above, you retain your rights under this notice. If, however, you request verification of the debt within the thirty day period that begins with your receipt of our first written communication to you, the law requires us to suspend all efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

**THIS COMMUNICATION IS FROM A "DEBT COLLECTOR", AS DEFINED IN 15 U.S.C. § 1692a(6). WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

DEM/vcg

DEM/VCG/D01/09-00395-0 (Rev. 06/23/08)