Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **Bruce Dunn**, | Case No.: **09-3035-PA** |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF LAW** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692) |
| **Derrick E. McGavic, P.C.,** | |
| Defendant | DEMAND FOR JURY TRIAL |

## PLAINTIFF'S MEMORANDUM OF LAW

Plaintiff, BRUCE DUNN ("Plaintiff"), by and through his attorneys, Weisberg & Meyers, LLC., in accord with this Court's request, hereby submits his Memorandum of Law in Support of Judgment against Defendant, DERRICK E. MCGAVIC, P.C., ("Defendant"). In support thereof, Plaintiff states as follows:

**I.      STATEMENT OF FACTS.**

On January 15, 2009, in effort to collect a debt, Defendant mailed to Plaintiff correspondence regarding an outstanding balance alleged due Capital One Bank (USA), N.A. (See January 15, 2009 Correspondence, attached hereto as Exhibit "A"). Defendant's correspondence was drafted on letterhead reading: Derrick E. Mc Gavic, P.C., Attorneys at Law, P.O. Box 10228, Eugene, Oregon 97440." (See Exhibit "A"). While physically unsigned,

Defendant's January 15, 2009 Correspondence was subscribed: "Very Truly Yours, Derrick E. Mc Gavic, P.C." (See Exhibit "A"). Defendant's January 15, 2009 Correspondence reads in part:

> Capital One Bank (USA), N.A. requested this office to collect the above claim against you.
>
> *      *      *
>
> You may call this office at (541) 485-4555 (or at 800 336-4555, if outside the Eugene/Springfield free telephone calling area) during normal business hours for a payoff amount as of a specific date or to offer payment arrangements.
>
> As of this date, no attorney from Derrick E. Mc Gavic P.C. has personally reviewed the particular circumstances of your account. However if you do not communicate with this office, the form's client, Capital One Bank (USA), N.A. may consider judicial remedies to recover the claim from you.
>
> **If our client instructs us to file suit immediately, we may do so even if the thirty day dispute and validation periods described below have not expired.** Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below.

 (See Exhibit "A") (emphasis added).

## II.   THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection

with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

## III.    THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.

The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232 (5th Cir. 1997); *see also Irwin v. Mascott,* 112 F.  Supp. 2d 937 (N.D. Cal. 2000); *Pittman v. J.J. Mac Intyre Co. of Nevada, Inc.,* 969 F. Supp. 609 (D. Nev.1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."  *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check Brokerage Corp.,* 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Turner v. J.V.D.B. & Associates, Inc.,* 330 F. 3d 991, 995 (7th Cir. 2003) (holding unintentional misrepresentation that debtor was obligated to pay a debt discharged in bankruptcy violated the FDCPA); *Foti v. NCO Financial Systems, Inc*., 424 F. Supp. 2d 643 (S.D. N.Y. 2006); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

## IV.    THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER-DEBTORS.

The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  *Sprinkle v. SB&C Ltd*., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  *Clark v. Capital Credit & Collection Services, Inc*., 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer."  *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002); *see e.g. Plummer v. Gordon,* 193 F.Supp.2d 460, 463 (D.Conn.2002); *Ross v. Commercial Fin. Servs.,* 31

F.Supp.2d 1077, 1079 (N.D. Ill. 1999); *Harrison v. NBD, Inc.,* 968 F. Supp. 837 (E.D. N.Y.1997).

## V.    THE FDCPA IS TO BE INTERPRETED IN ACCORDANCE WITH THE LEAST SOPHISTICATED CONSUMER STANDARD.

The FDCPA is to be interpreted in accordance with the "least sophisticated" or "unsophisticated" consumer standard.  *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985) (adopting the "least sophisticated" consumer standard); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991) (noting that statutory notice under FDCPA is to be interpreted from perspective of "least sophisticated debtor" standard); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988) (holding that provisions of the FDCPA are to be judged under the "least sophisticated debtor" standard); *Gammon v. GC Services Ltd. Partnership*, 27 F. 3d 1254 (7th Cir. 1994) (using the "unsophisticated consumer," rather than the "least sophisticated consumer," in order to protect consumers who are uninformed, naive or trusting, while admitting objective element of reasonableness).  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive debt collection practices, and protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

## VI.    THE UNDISPUTED FACTS PARTICULAR TO THE INSTANT MATTER WARRANT JUDGMENT IN FAVOR OF PLAINTIFF.

### A.    Plaintiff Is A "Consumer" As Defined By The FDCPA.

"Consumer" is defined by the FDCPA as "any natural person obligated or alleged to be obligated to repay a debt."  15 U.S.C §1692a(3).  In the instant matter, Defendant attempted to collect from Plaintiff a debt allegedly owed a third party creditor.  (See Exhibit "A").  Plaintiff is

therefore a person obligated, or alleged to be obligated, to repay a debt, and as such constitutes a "consumer" as defined by the FDCPA.

**B.      Defendant Is A "Debt Collector" As Defined By The FDCPA.**

"Debt collectors" are defined by the FDCPA as "any person who uses any instrumentality of interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C §1692a(6).  For reason that instrumentalities of interstate commerce include telephone and the mails, virtually all commercial collection activities fall within the realm of the FDCPA.  The United States Supreme Court has stated "[t]he Act's definition of the term 'debt collector' includes a person 'who regularly collects or attempts to collect, directly or indirectly, debt owed [to] … another.'"  *Heintz v. Jenkins*, 514 U.S. 291 (1995).

The term "debt collector" includes any creditor who, in the process of collecting his or her own debts, uses any name other than his or her own which would indicate that a third person is collecting or attempting to collect such debts.  15 U.S.C §1692a(6).  Also significant, a creditor that acquires a debt after a debtor is in default is deemed a debt collector, and is subject to the provisions of the FDCPA.  15 U.S.C §1692(a)(4).  Additionally, the term "debt collector" includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  15 U.S.C §1692a(6).

In the instant matter, Defendant attempted to collect from Plaintiff a debt allegedly owed a third party creditor.  (See Exhibit "A").  Defendant utilized instrumentalities of interstate commerce, *i.e.* telephone calls and mailings, in effort to collect the subject debt.  (See Exhibit

"A").  Accordingly, and because Defendant attempted to collect a debt allegedly owed another, Defendant, for purposes of this matter, is a "debt collector" as defined by the FDCPA.

### C.     Plaintiff's Alleged Obligation Is A "Debt" As Defined By The FDCPA.

"Debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C §1692a(5). In the instant matter, the subject debt that Defendant attempted to collect from Plaintiff was that of an alleged amount owed a third party creditor, which was utilized for purchasing personal, family, or household goods and services.  (See Exhibit "A").

### D.     Defendant Violated 15 U.S.C §1692g Where Its January 15, 2009 Correspondence Included Overshadowing And Contradictory Language Inconsistent With Plaintiff's Statutorily Afforded Rights.

Section 1692g of the FDCPA provides in part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.  **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor**.

15 U.S.C §1692g(b) (emphasis added).

Congress included in the FDCPA debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights.  *See* S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1699, 1702.  Thus, a debt collector does not comply with section 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F. 2d 1222, 1225 (9th Cir.1988).

A notice of rights, when presented in conjunction with a contradictory demand, is not effectively communicated to the debtor.  *See e.g. Francis v. Synder*, 389 F. Supp 2d 1034 (N.D. Ill. 2005) (holding that a letter to a consumer noting that collection efforts would be pursued unless the outstanding balance was paid, while at the same time allowing the consumer 30 days to dispute the validity of the debt, presented two statements that an unsophisticated consumer could reasonable find contradictory or confusing; thus violative of section 1692g).  A collection letter, even should it track the statutory language of the FDCPA, "nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."  *Meselsohn v. Lerman*, 485 F. Supp. 2d 215 (E.D. N.Y. 2007). Language is "overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Russell v. Equifax A.R.S.,* 74 F. 3d at 30 (2d Cir. 1996)*; Savino v. Computer Credit, Inc.,* 164 F. 3d 81 (2d Cir. 1988). "Thus, a debt collector violates the Act if its communication is 'reasonably susceptible to an inaccurate reading' of the required message." *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159 (2d Cir. 2001).

        **1.**      **The Language Included In Defendant's January 15, 2009 Letter Overshadows And Conflicts With Plaintiff's Verification Rights Because The Least Sophisticated Debtor Could Take From Defendant's Correspondence That Any**

**Course Of Action Other Than Payment, Or Promise To Make Payment, Would Result In A Lawsuit.**

Defendant's January 15, 2009 correspondence to Defendant reads in part:

> Capital One Bank (USA), N.A. requested this office to collect the above claim against you.
>
> \*       \*       \*
>
> You may call this office at (541) 485-4555 (or at 800 336-4555, if outside the Eugene/Springfield free telephone calling area) during normal business hours for a payoff amount as of a specific date or to offer payment arrangements.
>
> As of this date, no attorney from Derrick E. Mc Gavic P.C. has personally reviewed the particular circumstances of your account. However if you do not communicate with this office, the form's client, Capital One Bank (USA), N.A. may consider judicial remedies to recover the claim from you.
>
> **If our client instructs us to file suit immediately, we may do so even if the thirty day dispute and validation periods described below have not expired.** Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below.

(See Exhibit "A") (emphasis added).

Section 1692g is not merely satisfied by the inclusion of the required debt validation notice. *See* 15 U.S.C §1692g(b). Significant, the FDCPA requires that the same "must be conveyed effectively to the debtor." *Swanson v. Southern Oregon Credit Service, Inc*., 869 F. 2d 1222 (9th Cir. 1988). '[T]o be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." *Id*. at 1225; *see also Ost v. Collection Bureau, Inc., 493 F. Supp. 701 (D N.D.1980)* (holding that communication must not be designed to "evade the spirit of the notice statute, and mislead the debtor into disregarding the notice"). Internal contradiction present within a validation notice need not be "threatening" to violate the FDCPA. *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir.

1996).  A notice is overshadowing or contradictory if the least sophisticated consumer would have been confused as to the consumer's rights.  *Id.*

The least sophisticated consumer, having reviewed Defendant's January 15, 2009 letter, could reasonably believe, notwithstanding any appropriate validation notice, that if Defendant did not receive from Plaintiff payment in full, or a proposal for payment, that Plaintiff would forego his opportunity to avoid a lawsuit.  Congress designed section 1692g to provide alleged debtors with thirty (30) days to question and respond to the initial communication of a collection agency.  *See* 15 U.S.C §1692g.  Defendant's language represents an attempt to evade the spirit of the notice statute and mislead the debtor into disregarding the required debt validation notice. Without more, there exists a reasonable probability that the least sophisticated debtor, faced with a demand for payment and a threat of legal action if payment is not made, would be induced to overlook his statutory right to dispute the debt within thirty (30) days.

Stated otherwise, Defendant, through its January 15, 2009 letter, presented Plaintiff with mutually exclusive opportunities: (1) Plaintiff was entitled to thirty (30) days from receipt of Defendant's letter to dispute the validity of the subject debt, or any part of it, but (2) if Plaintiff chose to exercise that right, the opportunity to avoid the lawsuit threatened by Defendant could expire.  The least sophisticated debtor, and quite probably even the average debtor, having reviewed Defendant's January 15, 2009 letter, could be lead to the conclusion that he must ignore his right to take thirty (30) days to verify his debt and act immediately or he could subject himself to a lawsuit.  The demand for payment and threat of a lawsuit presented at the top of Defendant's January 15, 2009 letter overshadows and conflicts with the validation notice found at the bottom of the letter.  *See e.g. Larsen v. JBC Legal Group, P.C.*, 533 F. Supp 3d 290 (E.D. N.Y. 2008) (holding a threat that litigation may be commenced within the thirty (30) period

statutorily afforded to dispute a debt implies that plaintiff has less than the statutorily required time period provided for under 15 U.S.C. § 1692g(a)(3) to dispute the debt, and accordingly overshadows and conflicts with any proper validation notice).[1]   Important, "a debt collector violates the Act if its communication is 'reasonably susceptible to an inaccurate reading' of the required message." *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159 (2d Cir. 2001).

> ### 2.   Nothing In Defendant's January 15, 2009 Letter Precludes The Possibility That, Even If Plaintiff Submits A Written Dispute, Defendant Would Still Consider The Debt Valid And Collectible.

A more fundamental problem particular to Defendant's September 17, 2008 letter is that the language utilized is itself ambiguous as to whether submitting a written dispute necessarily prevents Defendant from assuming the validity of the subject debt, and proceeding with according collection efforts.   The only clear message received by the least sophisticated consumer is that the sole way to prevent Defendant from assuming the debt to be valid, and proceeding with collection efforts, is to make, or agree to make, payment in full.   Plainly, Defendant's letter reads:

> **If our client instructs us to file suit immediately, we may do so even if the thirty day dispute and validation periods described below have not expired.**   Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below.

 (See Exhibit "A") (emphasis added).

---

[1] The Ninth Circuit Court of Appeals has in fact found violative language much more discrete than that utilized by Defendant in the instant matter.   In *Swanson v. Southern Oregon Credit Service, Inc.,* the Ninth Circuit, in describing the language employed by a debt collector's letter as "misleading in both form and content," stated: "The prominence and message of the 'master file' and 'most valuable asset' language, lead the least sophisticated debtor, and quite probably even the average debtor, only to one conclusion: he must ignore his right to take 30 days to verify his debt and act immediately or he will be remembered as a deadbeat in the 'master file' of his local collection agency and will, accordingly, lose his 'most valuable asset,' his good credit rating."   *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F. 2d 1222 (9th Cir. 1988).

Nothing in Defendant's January 15, 2009 letter precludes the possibility that, even if Plaintiff submits a written dispute, Defendant would still consider the debt valid and collectible. While the latter section of Defendant's letter could convey to a consumer that, if the consumer disputes his debt within thirty (30) days, the debt will no longer be assumed valid, such notion is thrown into significant doubt by Defendant's initial unequivocal admonition that "[i]f our client instructs us to file suit immediately, we may do so even if the thirty day dispute and validation periods described below have not expired." *See e.g. Gaudette v. GC Servs.Ltd. Pshp*., 1999 U.S. Dist. LEXIS 21532 (D. Conn. 1999) (holding that a statement in a validation notice that the plaintiff's debt was legally binding, and collection activity was lawful, implied that the legal validity of debt had been decided and therefore overshadowed and obscured notice by deterring the plaintiff from disputing the debt). The confusion caused by the ambiguity of Defendant's correspondence renders it liable for violation of the FDCPA. *See Register v. Reiner, Reiner & Bendett, PC*, 488 F. Supp. 2d 143 (D. Conn. 2007).[2]

### E. Defendant Violated 15 U.S.C §1692e By Using False, Deceptive, Or Misleading Representations Or Means In Connection With The Collection Of A Debt.

The FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Without limiting the general application of a court's discretion in determining whether conduct qualifies as a "false deceptive, or misleading representation" the FDCPA lists as statutorily

---

[2] Defendant's failure to state plainly Plaintiff's rights under 15 U.S.C. § 1692g is particularly objectionable considering that the circumstance that at least one (1) circuit court of appeal for the United States has given specific guidance to debt collectors on how to avoid liability on this issue. *See Savino v. Computer Credit, Inc.,* 164 F. 3d 81 (2d Cir. 1988) (providing two sample paragraphs that debt collectors may use to "effectively inform a consumer as to his or her rights under the FDCPA without imposing an undue burden on a debt collector's legitimate efforts to obtain prompt payment of debts").

violative conduct: "The false representation or implication that any individual is an attorney or that any communication is from an attorney."  15 U.S.C. § 1692e(3).

**"[T]he representation need not be deliberate, reckless, or even negligent to trigger liability - it need only be false**." *Ross*, 480 F. 3d at 495 (emphasis added).  The statutory prohibitions included in 15 U.S.C. § 1692e do not include a "knowledge" component.  "The language of the [FDCPA] is clear: a debt collector's mistaken belief, ... is not sufficient to preclude liability."  *Spencer v. Hendersen-Webb, Inc.* 81 F.Supp. 2d 582 (D. Md. 1999).  A consumer must show only that a misrepresentation would have deceived or misled the least sophisticated consumer.  *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir.1985); *see also Turner v. J.V.D.B. & Associates, Inc.,* 330 F.3d 991 (7th Cir.2003).

1. **Defendant's January 15, 2009 Correspondence, Mailed On Letterhead From Derrick E. Mc Gavic, P.C., And Subscribed "Derrick E. Mc Gavic, P.C.," Would Cause The Least Sophisticated Consumer To Believe That The Letter Originated With A Lawyer.**

The FDCPA prohibits a debt collector from "false[ly] represent[ing] or impl[ying] that any individual is an attorney or that any communication is from an attorney" if, in fact, no attorney reviewed the debt.  15 U.S.C. § 1692e(3).  The purpose of this provision is twofold: First, it prohibits non-attorney debt collectors from posturing as attorneys.  *See Check Investors,* 502 F.3d 159 (3d Cir. 2007) ("The prohibition on false, deceptive or misleading representations precludes a debt collector from falsely representing that a dunning letter was sent by an attorney.").  Second, it prevents attorneys performing debt collections from communicating with debtors in a manner that suggests that the attorney has professionally evaluated the debtor's alleged obligations when no such review has occurred.  *See Boyd v. Wexler,* 275 F. 3d 642 (7th Cir. 2001) ("[A] lawyer who ... is a debt collectors violates section 1692e(3) ... if he sends a

collection letter that he has not reviewed, since his lawyer's letter then falsely implies that he has reviewed the creditor's claim."); *Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir.1989) ("Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice.").

Attorneys may not sign collection letters on law firm letterhead unless they have personally reviewed the debtor's file. The combined effect of the signature and the letterhead implies that an attorney has reached a professional judgment that the debt is legally effective. *Clomon v. Jackson,* 988 F. 2d at 1314 (2d Cor. 1994) ("[T]he use of an attorney's signature on a collection letter implies ... that the attorney directly controlled or supervised the process through which the letter was sent."). Similarly, "a letter sent on law firm letterhead, *standing alone,* ... represent[s] a level of attorney involvement to the debtor receiving the letter," even if no attorney signature appears on the document. *Greco v. Trauner, Cohen & Thomas, LLP,* 412 F.3d 360, 364 (2d Cir.2005) (holding that issuance of collection letter on law firm letterhead implies that attorneys have been involved in analysis of the debt and that, and if no such involvement occurred, the letter may violate the FDCPA).

In the instant matter, Defendant's correspondence was drafted on letterhead reading: Derrick E. Mc Gavic, P.C., Attorneys at Law, P.O. Box 10228, Eugene, Oregon 97440." (See Exhibit "A"). While physically unsigned, Defendant's January 15, 2009 Correspondence was subscribed: "Very Truly Yours, Derrick E. Mc Gavic, P.C." (See Exhibit "A").

Of the utmost significance, the court in *Martsolf v. JBC Legal Group, P.C.*, found that a letter almost identical to Defendant's January 15, 2009 correspondence would "cause the least

sophisticated debtor to believe that the letter originated with a lawyer." *Martsolf v. JBC Legal Group, P.C.*, 2008 WL 275719 (M.D. Pa. 2008). The court specifically detailed:

> In the present case, **the letter Martsolf received appears on JBC's law firm letterhead. Its header reads "JBC LEGAL GROUP, P.C. / Attorneys at Law"** and contains the names of four attorneys and three law offices. **The letter is signed "JBC LEGAL GROUP, P.C.** / Attorneys at Law." The firm name appears in capital letters in both places, and the words "Attorneys at Law" are boldface, italic type, and larger than that used throughout the remainder of the document. The body of the letter confirms that JBC is a law firm, and the first line states: "This firm represents the successors in interest of the obligation you created and have not yet satisfied when you passed the bad check(s) identified below." (Doc. 107, Exs. G & H.) **The court finds that these indicia of attorney involvement would cause the least sophisticated debtor to believe that the letter originated with a lawyer.**

*Id.* at *8.[3]

An attorney who represents that he or she has evaluated the debtor's obligation must actually perform such a review. The hallmark of this review is the use of independent, professional judgment by the attorney. *See Miller v. Wolposs & Abramson, LLP,* 321 F.3d 292, 301 (2d Cir.2003) (stating that a collection letter from an attorney implies that attorney has been involved in handling the debt); *Clomon,* 988 F.2d at 1321. This review need not be lengthy, but it must permit the attorney to form a professional opinion about whether the debt is potentially viable, barred by the statute of limitations, uncollectable due to the debtor's bankruptcy, and to evaluate similar legal considerations. *See Miller,* 321 F. 3d at 306.

---

[3] The court's conclusion is similar to that reached in *Semper v. JBC Legal Group,* which considered comparable letters. *Semper v. JBC Legal Group,* No. C04-2240L, 2005 WL 2172377 (W.D.Wash. Sept.6, 2005). In *Semper v. JBC Legal Group* the court found that a JBC collection letter implied that an attorney had examined the debtor's account. It bore the heading "JBC Legal Group PC," and the signature block read "JBC Legal Group, PC / Compliance Department." *See Id.* at *2. The court concluded that these indications of attorney review represented to the least sophisticated debtor that a lawyer was involved in the communication. *See id.*

Here, Defendant's January 15, 2009 correspondence actually reads: "As of this date, no attorney from Derrick E. Mc Gavic P.C. has personally reviewed the particular circumstances of your account."  (See Exhibit "A").  Defendant's January 15, 2009 correspondence accordingly violates section 1692(e)(3) of the FDCPA where: (1) Defendant sent a collection letter to Plaintiff that implies an attorney has reviewed the debt; and (2) an attorney has not, in fact, performed an independent, professional examination of the Plaintiff's portfolio.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting Partial Summary Judgment in favor of Plaintiff.

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: David A. Jacobs, Luvaas Cobb, 77 High Street, Suite 300, Eugene, Oregon 97401, djacobs@luvaascobb.com.

/s/ Joshua Trigsted
Joshua Trigsted
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff



**A**

DERRICK E. Mc GAVIC, P.C.
Attorneys at Law

| Document Transmission | PO Box 10228 | (541) 485-4555 |
| Telefax (541) 342-5309 | Eugene, Oregon 97440 | (800) 336-4555 |

January 15, 2009

Bruce E Dunn
400 SW Judson St
Grants Pass  OR  97426

RE:  Capital One Bank (USA), N.A.
Creditor No.:      4862362575756658
Amount of Claim:   $ 3,308.24
**Our File No. 09-00395-0 MUST be on all payments and other communications!**

Capital One Bank (USA), N.A. requested this office to collect the above claim against you. While the unpaid principal balance of the claim is currently listed as $ 3,170.49, the amount of the claim is $3,308.24, including interest accrued to date and, if applicable, other charges as of today. The amount claimed varies day-to-day because of payments not yet received, payments which have not cleared banking channels, payments received but not yet processed, interest, and/or other charges provided for by law or by the agreement with the original credit grantor. Payments not yet received, payments which have not cleared banking channels, payments received but not yet processed will be all credited as of the date received. All such additional charges, if any, are provided for by law or by the agreement with the original credit grantor. Additional charges may include items such as collection costs, court costs expended, and/or attorney fees awarded by a court. A "payoff amount" may be different on any given date.

You may call this office at (541) 485-4555 (or at 800 336-4555, if outside the Eugene/Springfield free telephone calling area) during normal business hours for a payoff amount as of a specific date or to offer payment arrangements.

As of this date, no attorney with Derrick E. Mc Gavic, P.C. has personally reviewed the particular circumstances of your account. However, if you do not communicate with this office, the firm's client, Capital One Bank (USA), N.A., may consider judicial remedies to recover the claim from you.

Please contact Vince C. Garcia, Ext 308 if you would like to discuss anything about the claim or payment. Please telephone or write to us, as this office prefers a helpful and amicable resolution of this claim. Any payments should be made to this office to assure proper credit on this claim.

**SEE NEXT PAGE FOR IMPORTANT NOTICES TO YOU**
**CONCERNING SOME OF YOUR VALUABLE RIGHTS**

DEM/VCG/D01/09-00395-0 (Rev. 06/23/08)

Capital One Bank (USA), N.A. and Bruce E Dunn
January 15, 2009
Page 2

      If our client instructs us to file suit immediately, we may do so even if the thirty (30) day dispute and validation periods described below have not expired. Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below.

Very truly yours,

Derrick E. Mc Gavic, P.C.

**IMPORTANT WRITTEN NOTICE(S) TO CONSUMER(S)
REQUIRED BY 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(11)**

      **UNLESS THE CONSUMER, within thirty days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this "debt collector". If you notify us in writing within that thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you by us. If you request in writing within the same thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. The law does not require us to wait until the end of the thirty day period before proceeding with suit.**

      **Even if a law suit is filed against you without waiting for the thirty days described above, you retain your rights under this notice. If, however, you request verification of the debt within the thirty day period that begins with your receipt of our first written communication to you, the law requires us to suspend all efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.**

**THIS COMMUNICATION IS FROM A "DEBT COLLECTOR", AS DEFINED
IN 15 U.S.C. § 1692a(6). WE ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

DEM/vcg