David A. Jacobs, OSB No. 942202
djacobs@luvaascobb.com
LUVAAS COBB
777 High Street, Suite 300
Eugene, Oregon 97401
Telephone: (541) 484-9292
Telefax: (541) 343-1206

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRUCE DUNN,<br><br>    Plaintiff,<br><br>vs.<br><br>DERRICK E. McGAVIC, P.C.,<br><br>    Defendant. | Case No. 09-3035-PA<br><br>**DEFENDANT'S REPLY BRIEF** |

1. **Plaintiff's brief ignores the critical fact that defendant <u>did not</u> demand payment or any other response from the plaintiff, and that defendant <u>did</u> explain how competing rights "fit together."**

Plaintiff's brief relies on numerous cases which found FDCPA violations because the debt collectors' dunning letters overshadowed the debtor's validation rights by demanding payment within the 30-day period without explaining how the debt collector's continuing right to collect fit together with the debtor's rights *See e.g. [all cited by plaintiff at page 8 of his brief,] Swanson v. Southern Oregon Credit Service,* Inc., 869 F2d 1222, 1225-26 (9th Cir, 1989)(letter which threatened that only payment within 10 days will prevent debtor's account from being "RECORDED IN OUR MASTER FILE AS AN UNPAID COLLECTION ITEM", would make least sophisticated consumer believe "he must ignore

DEFENDANT'S REPLY BRIEF -1

LUVAAS COBB
ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
**Phone:** 541-484-9292
**Fax:** 541-343-1206

his right to take 30 days to verify his debt and act immediately or he will be remembered as a deadbeat in the 'master file' of his local collection agency"); *Francis v. Snyder*, 389 Fsupp 2d 1034, 1038-39 (ND Ill, 2005)(statement that collection will only stop if debtor pays or calls to arrange payment plan upon receipt of letter, without explaining that collection must cease upon dispute by debtor within 30 days, overshadowed validation notice); *Meselson v. Lerman,* 485 FSupp2d 215, 220 (EDNY, 2007)(demand for payment within 30 days, "without any explanation that the consumer maintains the right to seek validation of the debt could confuse an unsophisticated consumer"); *Russell v. Equifax ARS*, 74 F3d 30, 34 (2d Cir, 1996)(demand for payment within 10 days or the debt would be "posted" to debtor's credit record, overshadowed right to dispute for 30 days); *Savino v. Computer Credit, Inc.*, 164 F3d 81, 85-86 (2d Cir, 1998)(demand for immediate payment or "a valid reason for your failure to make payment," without explaining the debtor still could dispute debt within 30 days, "would make least sophisticated consumer uncertain as to her rights"); *DeSantis v. Computer Credit, Inc.*, 269 F3d 159, 162 (2d Cir, 2001)(demand that debt must be paid "in the absence of a valid reason for your failure to make payment," overshadowed right to dispute the debt with <u>or without</u> a "valid reason"); and [*cited on page 10 of plaintiff's brief*] *Larsen v. JBC Legal Group. P.C.*, 533 FSupp2d 290, 306-07(demand for payment within 30 days, without explaining that the debtor retained her validation rights, violated FDCPA).

    Contrary to these cases which found FDCPA violations, defendant's letter <u>did not</u> demand payment and <u>did</u> explain that plaintiff retained his right to dispute the debt.

    One case cited by plaintiff deserves special attention, *Savino, supra*. At page 12 of plaintiff's brief, in footnote 2, plaintiff scolds defendant for failing to "state plainly Plaintiff's rights under 15 U.S.C. § 1692g" in light of the guidance provided by the Second Circuit in *Savino.* The irony is that defendant's letter did just what *Savino* suggested. In that case the debt collector's letter stated "The hospital insists on immediate payment or a valid reason for your failure to make payment." The court concluded:

DEFENDANT'S REPLY BRIEF -2



> [T]he request for immediate payment did not, standing alone, violate the FDCPA. Rather, CCI's violation of the Act consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1692g to seek validation of the debt. CCI could have both sought immediate payment and complied with the Act simply by inserting into the text of its letter transitional language that referred the addressee to the validation notice.

*Id.*, 164 F3d at 86.

First of all, defendant's letter in the present case does not demand or even request payment from the plaintiff, it only explains that (as permitted by law) it was possible that a lawsuit could be filed before the 30-day validation period had expired. (*See* Ex. A.) But, even if that language had been coupled with a demand for payment, defendant followed with the following "transitional language": "Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below." And then again, in the body of the bold-faced notice section: "**Even if a lawsuit is filed against you without waiting the thirty days described above, you retain your rights under this notice**." Thus, even if it were possible to somehow glean a demand for immediate payment from the words of defendant's letter, as required by *Savino*, defendant plainly explained that any such demand "did not override the consumer's rights under Section 1962g."

The obvious problem with plaintiff's reliance on *Savino* and the other authorities cited in his brief, is that defendant's dunning letter does not violate the rules which those cases announce. Indeed, it is apparent that defendant's letter was crafted to avoid the very violations those and other similar cases found. *See i.e. Bartlett v. Heibl*, 128 F3d 497 (7th Cir, 1997)(cited and discussed at length in defendant's opening brief at pages 6-8).

But perhaps the biggest problem with plaintiff's argument is that it fails to address the Ninth Circuit authority which leads to the unavoidable conclusion that defendant's letter did not violate the FDCPA. *See Terran v. Kaplan*, 109 F3d at 1434; *Renick v. Dun & Bradstreet Receivable Management Services*, 290 F3d 1055 (9th Cir, 2002)(per curiam); and *see also Palmer v. Far West Collection Services, Inc.*, 348 Fsupp2d 1070, 1083-86 (ND Cal, 2004).

DEFENDANT'S REPLY BRIEF -3

LUVAAS COBB ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

These authorities make clear, that unless there is a specific *demand* for payment which contradicts the debtor's right to dispute the debt for 30 days, no violation will be found. A *request* for payment within an unspecified time frame, even coupled with a threat of possible litigation, would not violate the FDCPA in the Ninth Circuit. *See* Defendant's Brief, p 4-6 (discussing authorities). But once again, here, defendant's letter does not even request payment, and unquestionably does not set any deadline that conflicts with defendant's rights.

A careful review of the cases offered by both parties, and the words of defendant's letter, demonstrates that defendant's letter complies with the FDCPA.

**2.    The "least sophisticated consumer" standard.**

Defendant submits that no matter how unsophisticated the "least sophisticated consumer" might be, he could not understand defendant's letter to say that if the debt were not immediately paid, he would face a lawsuit. But, it is important to keep in mind that the "least sophisticated consumer" is still presumed to have certain basic intellectual skills. As explained in *Francis, supra* (relied on by plaintiff), "an unsophisticated consumer possesses rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id*. 389 FSupp2d at 1038 [internal quotation and citation omitted]; *see also, Parker v. CMRE Financial Services, Inc.*, 2007 WL 3276322, *3 (SD Cal, 2007)(quoting same language). And, as acknowledged by plaintiff, the standard "protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." (Plaintiff's Brief, p 5, citing *Cloman v. Jackson*, 988 F2d 1314 (2d Cir, 1993).) *See also, Federal Home Loan Mortgage Corporation v. Lamar*, 503 F3d 504, 509-10 (6th Cir, 2007)(standard presumes "a basic level of understanding and willingness to read with care")[internal quotation and citation omitted].

/ / /

/ / /

/ / /

DEFENDANT'S REPLY BRIEF -4

LUVAAS COBB ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206

Under this standard as articulated by the above authorities, *any* consumer, with the most basic intellectual skills, who read defendant's letter with care, could not have been confused about or discouraged from asserting his right to dispute the debt within 30 days.

3. **Defendant's express disclaimer precluded any implication that an attorney had personally reviewed and evaluated the claim against the plaintiff.**

Plaintiff correctly notes that the law prohibits attorneys from falsely "representing or implying" that a debt collector's letter came from an attorney when in fact it did not,[1] or that an "attorney has professionally evaluated the debtor's alleged obligations when no such review has occurred." (Plaintiff's Brief, p 13.) Plaintiff's position is that because the letter came from the defendant law firm and its attorneys, it therefore implied that an attorney had personally reviewed the debt. (Plaintiff's Brief, p 16.) But plaintiff does not explain how defendant's letter could have *implied or suggested* that an attorney had personally reviewed or professionally evaluated the debt when defendant <u>expressly</u> stated that no attorney had reviewed the circumstances of plaintiff's account.[2]

Moreover, although plaintiff relies on *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F3d 360 (2d Cir, 2005)[at page 14 of his brief], he ignores the court's holding: because the letter contained a proper disclaimer of attorney involvement, there was <u>no</u> misrepresentation to the least sophisticated consumer. *Id.* at 365. Just like the defendant's in the present case, the subject disclaimer in *Greco* read: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account." (*See* Fn 1, supra.)

In the face of defendant's express disclaimer, there is absolutely no basis for plaintiff's claim.

///

---

[1] Here, there is no dispute that the letter did in fact came from attorneys.

[2] "As of this date, no attorney with Derrick E. Mc Gavic, P.C. has personally reviewed the particular circumstances of your account." (Ex. A)

DEFENDANT'S REPLY BRIEF -5



**4.     Conclusion.**

Plaintiff's claims have no support in fact or law, and, therefore, plaintiff's complaint should be dismissed and final judgment should be entered in favor of defendant.

Respectfully submitted.

DATED this ___29th___ day of June, 2009.

                                                   LUVAAS COBB
                                                 Attorneys for Defendant

                                        By: /s/ David A. Jacobs
                                            David A. Jacobs, OSB No. 942202
                                            E-mail: djacobs@luvaascobb.com
                                            Trial Attorney

DEFENDANT'S REPLY BRIEF -6

LUVAAS COBB ATTORNEYS AT LAW
777 High Street, Suite 300
Post Office Box 10747
Eugene, OR 97440-2747
Phone: 541-484-9292
Fax: 541-343-1206