Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **Bruce Dunn**,<br><br>              Plaintiff,<br><br>       vs.<br><br>**Derrick E. McGavic, P.C.**,<br><br>              Defendant | Case No.: **09-3035-PA**<br><br>**PLAINTIFF'S MEMORANDUM OF LAW**<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692)<br><br>DEMAND FOR JURY TRIAL |

## PLAINTIFF'S MEMORANDUM OF LAW

Plaintiff, BRUCE DUNN ("Plaintiff"), by and through his attorneys, Weisberg & Meyers, LLC., in accord with this Court's request, hereby submits, for each violation pleaded, the factual circumstances and brief holding of the cases cited by Plaintiff in his Memorandum and/or Reply in Support of Judgment Against Plaintiff most similar in nature to that of the instant matter.

**I.**    **Cases Particular To Plaintiff's Claim That Defendant Violated 15 U.S.C §1692g Where Its January 15, 2009 Correspondence Included Overshadowing And Contradictory Language Inconsistent With Plaintiff's Statutorily Afforded Rights.**

   **A.**    ***Bartlett v. Heibl*, 128 F. 3d 497 (7th Cir. 1997)**

FACTS:

John Heibl, a debt collector, sought to collect a debt from Bartlett, a consumer-debtor.  In an effort to collect the debt Heibl sent Bartlett a letter informing Bartlett "if you wish to resolve

this matter before legal action is commenced, you must do one of two things within one week of the date of this letter": pay $316 toward the satisfaction of the debt, or get in touch with Micard (the creditor) "and make suitable arrangements for payment.  If you do neither, it will be assumed that legal action will be necessary."   Under Heibl's signature appeared an accurate, virtually literal, paraphrase of section 1692g(a), advising Bartlett that he has thirty (30) days within which to dispute the debt, in which event Heibl will mail him a verification of it.  **At the end of the paraphrase Heibl adds: "suit may be commenced at any time before the expiration of this thirty (30) days.**"

REASONING:

The *Heibl* court suggested a "safe-harbor" letter that debt collectors in Defendant's position could use to avoid liability particular to the very issue before it:

> If you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, [take specific actions].  If you do neither of these things, I will be entitled to file a lawsuit against you, for the collection of this debt, when the week is over.

> Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it-- by notifying me in writing to that effect--I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor … , I will furnish you with that information too.

> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt.  **If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, <u>the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.</u>**[1]

---
[1] Contrary, Defendant's letter reads:

HOLDING:

The *Heibl* court found that Heibl's letter violated the FDCPA for reason that it stated the required information about the consumer-debtor's rights in a confusing fashion.

**B.    *Larsen v. JBC Legal Group, P.C.*, 533 F. Supp. 2d 290 (E.D. N.Y. 2008)**

FACTS:

JBC Legal Group, P.C. ("JBC"), a debt collector, mailed to Larsen, a consumer-debtor, a collection notice reading in part: "Warning: You may be sued 30 days after the date of this notice if you do not make payment." *Larsen*, 533 F. Supp 2d at 306. The collection letter sent to Larsen by JBC further stated that Larsen had "thirty (30) days from receipt of this letter to pay the full amount," and the validation notice contained at the bottom of the letter stated that plaintiff has thirty (30) days from receipt of the notice to dispute the debt. *Id*. **Larsen asserted that the letter from JBC violated the FDCPA because it threatened Larsen with adverse consequences-namely, a lawsuit, if she did not remit payment within thirty days of the date of the notice,** rather than within thirty days of her receipt of the notice, as statutorily mandated under 15 U.S.C. § 1692g(a)(3). *Id*.

REASONING:

The Larsen court opined:

---

UNLESS THE CONSUMER, within the thirty days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this "debt collector". If you notify us in writing within that thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment against you, and a copy of such verification or judgment will be mailed to you by us. **If you request in writing within the same thirty-day period, we will provide you with the name and address of the original creditor, if different form the current creditor. The law <u>does not require us to wait until the end of the thirty day period before proceeding with suit</u>**.

Where a debt collection notice "contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the [FDCPA]." *Id.* (quoting *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir.1991) (stating that "the juxtaposition of two inconsistent statements" renders the debt collection notice invalid under § 1692g). The question, therefore, is "whether, from the perspective of the least sophisticated consumer, language contained in the [debt collection] notice overshadowed or contradicted the mandatory validation notice; if so, then the [FDCPA] is violated." *Russell,* 74 F.3d at 35. A debt collection notice will be found to be overshadowing or contradictory where "it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Savino,* 164 F.3d at 85 (citing *Russell,* 74 F.3d at 35)). "It is unnecessary to prove the contradiction is threatening." *Russell,* 74 F.3d at 35.

\*     \*     \*

"By specifying that the debt must be disputed within thirty days from the date of receipt of the notice, Congress has consciously protected against abusive tactics of debt collectors, such as the backdating of notices or other practices that might shorten debtors time to respond." *Cavallaro v. The Law Office of Shapiro & Kreisman,* 933 F.Supp. 1148, 1154 (E.D.N.Y.1996). **"In the within action, although the FDCPA permits consumers thirty days from the receipt of a debt collection notice to dispute a debt, defendants herein demand that payment be made thirty days from the date of the notice <u>or else litigation against plaintiff may be commenced.  Such a demand implies that plaintiff has less than the statutorily required time period provided for under 15 U.S.C. § 1692g(a)(3) to dispute her debt.</u>"** *Id.* (emphasis added).

<u>HOLDING</u>:

The *Larsen* court found that the demand for payment at the top the collection letter JBC mailed to Plaintiff overshadowed and conflicted with the validation notice found at the bottom of the letter.  Accordingly, the collection letter violated Section 1692g of the FDCPA and plaintiff was entitled to summary judgment against JBC.

4

II.   **Cases Particular To Plaintiff's Claim That Defendant Violated 15 U.S.C §1692e(3) By Misrepresenting Attorney Involvement with Her Case**

    A.   *Martsolf v. JBC Legal Group, P.C.*, 2008 WL 275719 (M.D. Pa. 2008).

FACTS:

Martsolf, a consumer debtor, received a letter on the letterhead of JBC Legal Group, P.C. ("JBC"), a debt collector. The header of the letter read "JBC LEGAL GROUP, P.C. / Attorneys at Law" and contains the names of four attorneys and three law offices. The letter was signed "JBC LEGAL GROUP, P.C. / Attorneys at Law." The firm name appeared in capital letters in both places, and the words "Attorneys at Law" were boldface, italic type, and larger than that used throughout the remainder of the document. The body of the letter confirmed that JBC is a law firm, and the first line stated: "This firm represents the successors in interest of the obligation you created and have not yet satisfied when you passed the bad check(s) identified below."

REASONING:

The *Martsolf* court opined:

> The FDCPA prohibits a debt collector from "false[ly] represent[ing] or impl [ying] that any individual is an attorney or that any communication is from an attorney" if, in fact, no attorney reviewed the debt. 15 U.S.C. § 1692e(3). The purpose of this provision is twofold: First, it prohibits non-attorney debt collectors from posturing as attorneys. *See Check Investors,* 502 F.3d at 166 ("The prohibition on false, deceptive or misleading representations precludes a debt collector from falsely representing that a dunning letter was sent by an attorney."). Second, it prevents attorneys performing debt collections from communicating with debtors in a manner that suggests that the attorney has professionally evaluated the debtor's alleged obligations when no such review has occurred. *See Boyd v. Wexler,* 275 F.3d 642, 644 (7th Cir.2001) ("[A] lawyer who ... is a debt collectors violates section 1692e(3) ... if he sends a collection letter that he has not reviewed, since his lawyer's letter then falsely implies that he has reviewed the creditor's claim."); *Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir.1989) ("Abuses

by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice."). An attorney debt collector therefore violates this provision if: (1) the attorney send a collection letter to a debtor that implies that the attorney has reviewed the debt; and (2) the attorney has not, in fact, performed an independent, professional examination of the debtor's portfolio. *Cf. Clomon,* 988 F.2d 1321 (holding that, in the absence of actual attorney review of a debtor's file, the use of an attorney signature on collection letters violates the FDCPA because it conveys that an attorney has evaluated the debt).

<u>HOLDING</u>:

The *Martsolf* court found that the indicia of attorney involvement found on the collection letter sent to Martsolf by JBC would cause the least sophisticated debtor to believe that the letter originated with a lawyer when in fact it did not, which meant that the letter violated 15 USC 1692e(3), which prohibits false representations that a communication is from an attorney.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting Partial Summary Judgment in favor of Plaintiff.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: David A. Jacobs, Luvaas Cobb, 77 High Street, Suite 300, Eugene, Oregon 97401, djacobs@luvaascobb.com.

<u>/s/ Joshua Trigsted</u>
Joshua Trigsted
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff