FILED'09 SEP 01 15:04USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BRUCE DUNN | ) | Civil No. 09-3035-PA |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| DERRICK E. MCGAVIC, P.C. | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, Judge.**

Bruce Dunn brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff argues that a dunning letter from Derrick McGavic, an Oregon attorney, overshadows his right to dispute a debt with Capital One Bank and misrepresents attorney involvement in the matter. I agree, and grant Judgment on the Pleadings for Plaintiff.

### BACKGROUND

Capital One Bank hired attorney Derrick McGavic to collect a debt against Bruce Dunn. On January 15, 2009, McGavic sent Dunn the following letter printed on law-firm letterhead and left

1 - OPINION AND ORDER

unsigned.[1]

 Capital One Bank (USA), N.A. requested this office to collect the above claim against you. While the unpaid principal balance of the claim is currently listed as $3,170.49, the amount of the claim is $3,308.24, including interest accrued to date and, if applicable, other charges as of today. The amount claimed varies day-to-day because of payments not yet received, payments which have not cleared banking channels, payments received but not yet processed, interest, and/or other charges provided for by law or by the agreement with the original credit grantor. Payments not yet received, payments which have not cleared banking channels, payments received but not yet processed will be all credited as of the date received. All such additional charges, if any, are provided for by law or by the agreement with the original credit grantor. Additional charges may include items such as collection costs, court costs expended, and/or attorney fees awarded by a court. A "payoff amount" may be different on any given date.

 You may call this office at (541) 485-4555 (or at 800 336-4555, if outside the Eugene/Springfield free telephone calling area) during normal business hours for a payoff amount as of a specific date or to offer payment arrangements.

 As of this date, no attorney with Derrick E. McGavic, P.C. has personally reviewed the particular circumstances of your account. However, if you do not communicate with this office, the firm's client, Capital One Bank (USA), N.A., may consider judicial remedies to recover the claim from you.

---

[1]  McGavic's letter is not reprinted in whole. Unnecessary lines have been removed.

2 - OPINION AND ORDER

Please contact Vince C. Garcia, Ext 308 if you would like to discuss anything about the claim or payment. Please telephone or write to us, as this office prefers a helpful and amicable resolution of this claim. Any payments should be made to this office to assure proper credit on this claim.

If our client instructs us to file suit immediately, we may do so even if the thirty (30) day dispute and validation periods described below have not expired. Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below.

Very truly yours,

Derrick E. McGavic, P.C.

**UNLESS THE CONSUMER, within thirty days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this "debt collector". If you notify us in writing within that thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you by us. If you request in writing within the same thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. The law does not require us to wait until the end of the thirty day period before proceeding with suit.**

**Even if a law suit is filed against you without waiting for the thirty days described above, you retain your rights under this notice. If, however, you request verification of the debt within the thirty day period that begins with your receipt of our first written communication to you, the law requires us to suspend all efforts (through litigation or otherwise)**

3 - OPINION AND ORDER

to collect the debt until we mail the requested
information to you.

## JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

## LEGAL STANDARDS

### I. Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1989)(citing Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984).

Judgment on the pleadings is appropriate here. The letter was attached to the Complaint, was cited by both parties in their briefs, and the letter is integral to the case. Defendant has answered the Complaint. Plaintiff is the moving party, and the case is in the early stages of litigation. Whether a debt collector's letter violates the FDCPA is a purely legal question to be resolved by the court. Terran v. Kaplan, 109 F.3d 1428, 1432 (9th Cir. 1997).

4 - OPINION AND ORDER

**DISCUSSION**

**I.  Overshadowing or Contradicting a Debtor's Statutory Right to Dispute and Validate a Debt.**

Dunn argues McGavic's dunning letter ("the letter") violates the FDCPA by threatening immediate legal action. I agree.

Within five days of initial communication with a debtor, a debt collector must provide a written debt validation notice. 15 U.S.C. § 1692g(a). This must inform the debtor that he has thirty days from receipt of the initial communication to: 1) challenge a debt before it is assumed valid, 2) demand verification of the debt, or 3) request the name and address of the original creditor. 15 U.S.C. § 1692g(a)(3)-(5). If the debtor acts upon these statutory rights, the collector must cease all collection efforts, including litigation, until the collector mails the requested information to the debtor. 15 U.S.C. § 1692g(b).

The mere inclusion of the debt validation notice does not satisfy § 1692g unless it is "conveyed effectively" to the least sophisticated debtor. <u>Swanson v. S. Or. Credit Serv., Inc.</u>, 869 F.2d 1222, 1225 (9th Cir. 1989). "[T]o be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." <u>Swanson</u>, 869 F.2d at 1225. "[T]his objective [least sophisticated] standard 'ensure[s] that the

FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous." Clark v. Capital Credit & Collection Serv., Inc., 460 F.3d 1162, 1171 (9th Cir. 2006) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

To avoid liability under § 1692, a debt collection letter must sufficiently explain any statements that contradict or confuse the required validation notice. See Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2nd Cir. 1998)(holding a dunning letter which provided the thirty day dispute and validation notice but also demanded immediate payment was contradictory and in violation of the FDCPA without explanatory transitional language); Bartlett v. Heibl, 128 F.3d 497, 500-01 (7th Cir. 1997)(holding a dunning letter that threatened suit within one week, but also disclosed the debtor's right to contest the debt within thirty days, was confusing without explanation, and therefore in violation of the FDCPA).

Merely juxtaposing a debtor's rights with apparently contradictory statements invalidates the required notice. Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2nd Cir. 1996).

    A.  **McGavic's threat of immediate lawsuit overshadows and contradicts Dunn's right to dispute the debt.**

Here, it is undisputed the letter provides Dunn's statutory rights pursuant to § 1692g(a)(3)-(5). The issue to be resolved

6 - OPINION AND ORDER

is whether this notice is overshadowed or contradicted by the letter's threat of a possible lawsuit within thirty days, and whether the letter would likely deceive or mislead the least sophisticated debtor as to his statutory rights.  <u>Terran</u>, 109 F.3d at 1431.

Dunn asserts McGavic threatens immediate legal action, but fails to explain how he could retain his right to dispute the debt if sued.  In the letter's final paragraph McGavic warns, "[i]f our client instructs us to file suit immediately, we may do so even if the thirty (30) day dispute and validation periods described below have not expired.  Even if suit is filed during the 30 day dispute and validation periods, you still have all the rights described below."  Neither this transitional language itself, nor the notice of debtor's rights it points to, adequately explain these seemingly inconsistent statements.

McGavic's only disclosure of his legal obligation to cease litigation if Dunn disputes the debt is unnecessarily jumbled.  This reads:

> Even if a law suit is filed against you without waiting for the thirty days described above, you retain your rights under this notice.  If, however, you request verification of the debt within the thirty day period that begins with your receipt of our first written communication to you, the law requires us to suspend all efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

7 - OPINION AND ORDER

Though standing alone these statements are straightforward enough, juxtaposing them with "[i]f however" is confusing.

Without a clear explanation of the simple concept that McGavic must cease litigation if Dunn disputes the debt, the least sophisticated consumer is likely to wonder what good it would do him to dispute the debt if he cannot stave off a lawsuit. Consequently, McGavic's threat of immediate lawsuit, court costs, and attorney fees may well encourage the least sophisticated consumer to make a hasty payment rather than dispute the debt. McGavic's letter therefore violates 15 U.S.C. § 1692g.

## II. False Representation of Attorney Involvement

Dunn contends McGavic's use of law-firm letterhead, coupled with the threat of immediate legal action, implies a false degree of attorney involvement in the matter. In defense, McGavic asserts any implication of attorney involvement is clarified by the disclaimer, "[a]s of this date, no attorney with Derrick E. McGavic, P.C. has personally reviewed the particular circumstances of your account." Because this disclaimer is obscured by the relative complexity of McGavic's letter and overarching implications of impending legal action, I hold the letter violates the FDCPA.

15 U.S.C. § 1692 generally prohibits any "false, deceptive, or misleading representation or means in connection with the

8 - OPINION AND ORDER

collection of any debt." In particular, a debt collector may not falsely represent or imply "that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Accordingly, a debt collector may not falsely imply he has made a legal assessment of a debt when he has not.

In Greco v. Trauner, Cohen, & Thomas a dunning letter from an attorney that had not reviewed the particulars of the debt, yet disclosed his limited review of the matter, was held to be in compliance with the FDCPA. 412 F.3d 360 (2d Cir. 2005). The Greco court noted, however, that "[n]othing else in the letter confused or contravened this disclaimer of attorney involvement." Id. at 365. Though McGavic's disclaimer copies that of Greco nearly verbatim, the McGavic disclaimer is obscured by the letter's relative complexity and threat of legal action.

The Greco letter is simple, the body of which is comprised of only five brief, straightforward sentences. See Id. at 361. McGavic's letter is far more convoluted. It begins with a notice of the balance due and proceeds with an exhaustive list of factors which may alter this amount.

> The amount claimed varies day-to-day because of payments not yet received, payments which have not cleared banking channels, payments received but not yet processed, interest, and/or other charges provided for by law or by the agreement with the original credit grantor. Payments not yet received, payments which have not cleared banking channels, payments received

but not yet processed will be all credited as of the date received. All such additional charges, if any, are provided for by law or by the agreement with the original credit grantor. Additional charges may include items such as collection costs, court costs expended, and/or attorney fees awarded by a court. A "payoff amount" may be different on any given date.

Two paragraphs later McGavic discloses "[a]s of this date, no attorney with Derrick E. McGavic, P.C. has personally reviewed the particular circumstances of your account. However, if you do not communicate with this office, the firm's client, Capital One Bank (USA), N.A., may consider judicial remedies to recover the claim from you."

The possibility of "judicial remedies" arises throughout the letter. McGavic not only uses his law firm's name in the letterhead and signature line, but also refers to the balance due as a "claim" rather than a debt. Further, Dunn is forewarned of possible court costs and/or attorney fees, encouraged to communicate with the law firm for a "helpful and amicable resolution of this claim," and threatened with an immediate lawsuit at the creditor's instruction.

Regardless of McGavic's relatively obscure disclaimer, the least sophisticated consumer would likely infer from the letter's overall threat of legal action that McGavic's firm was prepared to bring action against him at any time. I hold, therefore, that McGavic's letter also violates § 1692e.

10 - OPINION AND ORDER

### III. Damages, Attorney Fees, and Court Costs

Plaintiff requests actual and statutory damages, costs and attorney fees, and such other and further relief as may be just and proper. Section 1692k(a)(1)-(3) provides actual damages, statutory damages not to exceed $1,000, and court costs and reasonable attorney fees. 15 U.S.C. § 1692k(a)(1)-(3).

"The only actual damages that a plaintiff would be likely to incur would be for emotional distress caused by abusive debt collection practices . . . ." Baker v. G.C. Servs. Corp., 677 F.2d 775, 780 (9th Cir. 1982). In determining statutory damages, a court is to consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Here, actual damages would be inappropriate, as Dunn alleges no emotional distress or other basis for such an award in his complaint. This does not bar his request for statutory damages. Baker, 677 F.2d at 781.

Relevant to the statutory damages inquiry is that McGavic knowingly walked perilously close to the edge of the law. Alhough Dunn has not shown these letters were sent to other consumers, the abusive collection practices evidenced here should be deterred. I award Plaintiff one thousand dollars in statutory damages, plus reasonable attorney fees and costs.

11 - OPINION AND ORDER

## CONCLUSION

Judgment on the Pleadings is entered for Plaintiff, in the sum of one thousand dollars in statutory damages plus reasonable attorney fees and costs.

IT IS SO ORDERED.

DATED this ___/___ day of September, 2009.

*/s/ Owen M. Panner*
Owen M. Panner
United States District Judge