
Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **Bruce Dunn**, | Case No.: **09-3035-PA** |
| Plaintiff, | **PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS** |
| vs. | |
| **Derrick E. McGavic, P.C.,** | |
| Defendant | |

**UNOPPOSED MOTION FOR ATTORNEYS FEES**

**I.    BACKGROUND**

As explained below, Plaintiff is entitled to reasonable attorney's fees and costs pursuant to the Judgment awarded to him in this matter. To the extent the court acknowledges Plaintiff's entitlement to attorney's fees and costs as supported by the authority below, Plaintiff requests that the amount of such award should be set at $8000, inclusive of both fees and costs.

The undersigned has conferred with Defense counsel, who stated that Defendant will stipulate that the amount sought is reasonable, and that Defendant will not contest the amount sought. Defense counsel, however, stated that Defendant intends to appeal the court's original judgment and will also appeal any judgment for attorney fees and

costs based on the original judgment. Therefore, defendant does not oppose this motion, but does so without waiver of its right to appeal the original and supplemental judgment.

## II. PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEY'S FEES PURSUANT TO THE FDCPA.

The specific statutory language of the FDCPA, and the public policy considerations in support of this Act, entitle Plaintiff to the recovery of attorney's fees and costs in this matter. 15 U.S.C. §1692k(a) states:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

Pursuant to this specific language, federal courts have long recognized the importance of the fee shifting provision of the FDCPA, as well as the public policies behind it. In *Tolentino v. Friedman*, (7th Cir. 1995) the court affirmed that a separate award for costs and fees is mandatory.

> Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir.1995).

Plaintiff's entitlement to her reasonable costs and fees has been reaffirmed by the Ninth Circuit Court of Appeals as recently as April 2008 where court once again ordered that the determination of costs and fees is mandatory by the district courts. "The FDCPA's statutory language makes an award of fees mandatory. The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see*

2

*also Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991) (noting that the FDCPA mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general).

The *Tolentino* court also noted Congress' specific intent to allow an individual plaintiff the ability to pursue an action where the burden of costs and fees would otherwise economically preclude this type of rights enforcement. *Tolentino* at 652 *citing City of Riverside v. Rivera*, 477 U.S. 561 (1986)). "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Id.* The court held similarly in *Camacho* when it rejected the district court's "flat fee" approach, and in its remand for further findings directed that "[T]he amount of [attorney's fees] must be determined on the facts of each case." *Camacho* at 978.[1]

Thus, the FDCPA mandates that the recovery of Plaintiff's attorney's fees and costs is integral to the success of the policy goals of the FDCPA. By virtue of this Court's entry of judgment against Defendant, Plaintiff has prevailed in this matter and should be awarded reasonable attorney's fees and costs as determined by this Court.

### III.   PUBLIC POLICY SUPPORTS AN AWARD OF COSTS AND ATTORNEY'S FEES.

---

[1] "The [District] court concluded that "[w]here ... the attorneys seeking fees support their motion with materials that are substantially unchanged from those filed by them in numerous other cases ... it would be inappropriate to award fees on fees on an hourly basis," and instead, the court awarded a "flat award" of $500." *Camacho* at 976. However, the Ninth Circuit Court of Appeals rejected this approach and remanded for a case-by-case determination of attorney's fees.

"The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Congress found such abuses by debt collectors to be serious and widespread." *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006) *citing* 15 U.S.C. § 1692(e) and *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996).[2] The fee-shifting provision contained in the FDCPA, therefore, enables consumers to vindicate their personal rights and while benefitting society in general, resulting in greater deterrence of fraudulent and deceptive business practices.

Further, the difficulty in private attorneys general actions, such as the FDCPA and similar state enacted statutes, is that the potential for recovery is not clear at the time the litigation is commenced unlike in personal injury actions. *Bowers v. Transamerica Title Insurance Company*, 675 P.2d 193, 204 (Wash. 1983). Additionally, the amount in controversy is usually too small to induce an attorney to commence litigation on a percentage contingency. Accordingly, "[T]he purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims." *Majcher v. Laurel Motors, Inc*., 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); *See also Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978). By providing the private bar with incentive to involve itself in

---

[2] Pursuant to the express intent of Congress in enacting the FDCPA, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4

consumer litigation through fee-shifting, the government is relieved of the costs of protecting consumers while insuring that consumers may still avail themselves of their statutory rights.

Without a sufficient award of attorney's fees and costs, an entry of judgment for the consumer would simply not make the consumer whole as the average consumer would simply be unable to pay her attorney's fees. This result would create a deterrent for the private bar to pursue an action for which Congress has so emphatically dictated the importance. This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision awarding attorney's fees, "is to encourage consumers to file actions to vindicate their rights." *Grove v. Huffman*, 262 Ill. App.3d 531, 539, 634 N.E. 2d 1184, 1190 (Ill. Ct. App. 1994). The attorney's fees provision is in place to remove the difficulty of obtaining counsel in pursuing claims which are relatively small compared to potential legal costs. *Id.* at 539. As a result, public policy dictates that attorney's fees should be paid by the Defendant.

### IV.   CONCLUSION

Plaintiff was represented free of charge by Weisberg & Meyers, LLC, a consumer protection law firm. Accordingly, pursuant to the public policy considerations behind the fee-shifting provision of the FDCPA as detailed above, Plaintiff requests that this Honorable Court award Plaintiff's attorney's fees and costs in the amount of $8,000, with an order allowing Plaintiff to submit additional fees and costs in the event of appeal by Defendant.

Dated this 14th day of September, 2009,

By: s/Joshua Trigsted
Joshua Trigsted
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: David A. Jacobs, Luvaas Cobb, 77 High Street, Suite 300, Eugene, Oregon 97401, djacobs@luvaascobb.com.

/s/ Joshua Trigsted
Joshua Trigsted
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff